United States Bankruptcy Court
Middle District of Pennsylvania

In re:   Ryan Michael Trone, Debtor

Case No. 18-05174-HWV
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-1   User: KADavis   Page 1 of 2   Date Rcvd: Jan 28, 2019
Form ID: pdf002   Total Noticed: 33

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 30, 2019.

```
db            +Ryan Michael Trone,    817 E Market Street,    York, PA 17403-1101
cr            +Americredit Financial Services, Inc. Dba GM Financ,    P.O Box 183853,
               Arlington, TX 76096-3853
5149366       +1St Financial Bank Usa,    Jefferson Capital Systems LLC Assignee,    Po Box 7999,
               Saint Cloud Mn 56302-7999
5139473       +ACCOUNTS SERVICE DEPARTMENT,    PO BOX 731,    MAHWAH, NJ 07430-0731
5146694      ++AMERICREDIT FINANCIAL SERVICS DBA GM FINANCIAL,    PO BOX 183853,    ARLINGTON TX 76096-3853
              (address filed with court:  Americredit Financial Services, Inc.,    Dba GM Financial,
               P.O Box 183853,    Arlington, TX 76096)
5139474        BUREAU OF ACCOUNT MGMT,    3607 ROSEMONT AVE STE 502,    PO BOX 8875,    CAMP HILL, PA 17001-8875
5151161        Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
5139478        DIRECTV CUSTOMER SERVICE (p),    BANKRUPTCY CLAIMS,    PO BOX 6550,
               GREENWOOD VILLAGE CO 80155-6550
5139480       +GM FINANCIAL-BANKRUPTCY DEPT,    PO BOX 183853,    ARLINGTON, TX 76096-3853
5139481       +HUD/FHA,    NATIONAL SERVICING CENTER,    301 NW SIXTH ST, STE 200,
               OKLAHOMA CITY, OK 73102-2811
5139484        MERCANTILE ADJUSTMENT BUREAU,    CORRESPONDENCE,    PO BOX 9055,    BUFFALO, NY 14231-9055
5139487       +PENNYMAC LOAN SERVICES LLC,    6101 CONDOR DRIVE, STE 310,    MOORPARK, CA 93021-2602
5139488        RATCHFORD LAW GROUP, PC,    54 GLENMAURA BLVD, STE 104,    MOOSIC, PA 18507
5139490       +TDRC/LITTMAN,    1000 MACARTHUR BLVD,    MAHWAH, NJ 07430-2035
5139491       +THD/CBNA,    PO BOX 6497,    SIOUX FALLS, SD 57117-6497
5139492       +TOYOTA FINANCIAL SERVICES-BK Notices,    PO BOX 108,    SAINT LOUIS, MO 63166-0108
5139493       +TRAVIS REXROAD,    817 EAST MARKE STREET,    YORK, PA 17403-1101
5139494       +UNEMP COMP OVERPAYMENT MATTERS,    DEPT OF L&I - OFFICE OF CHIEF COUNSEL,
               651 BOAS STREET 10TH FLOOR,    HARRISBURG, PA 17121-0751
5139495       +UNEMPL COMP TAX MATTERS,    HARRISBURG CASES L&I OFF CHIEF COUNSEL,    651 BOAS STREET 10TH FLOOR,
               HARRISBURG, PA 17121-0751
5139496       +USDOE/GLELSI,    2401 INTERNATIONAL,    MADISON, WI 53704-3121
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
5139472       +E-mail/Text: bankruptcynotice@1fbusa.com Jan 28 2019 19:36:55     1 FBSD,    363 W ANCHOR DRIVE,
               NORTH SIOUX CITY, SD 57049-5154
5139475        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 28 2019 19:35:50
               CAPITAL ONE (BANKRUPTCY NOTIFICATION) (p,    PO BOX 30285,    SALT LAKE CITY, UT 84130-0285
5139476       +E-mail/Text: dehartstaff@pamd13trustee.com Jan 28 2019 19:37:26     CHARLES J DEHART, III, ESQ.,
               8125 ADAMS DRIVE STE A,    HUMMELSTOWN PA 17036-8625
5139477        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 28 2019 19:37:01     COMM OF PA DEPT OF REVENUE,
               BUREAU OF COMPLIANCE,    PO BOX 280946,    HARRISBURG, PA 17128-0946
5145637        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 28 2019 19:36:04
               Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC  28272-1083
5139479       +E-mail/Text: bknotice@ercbpo.com Jan 28 2019 19:37:12     ERC,    PO BOX 57547,
               JACKSONVILLE, FL 32241-7547
5139482        E-mail/Text: cio.bncmail@irs.gov Jan 28 2019 19:36:44     INTERNAL REVENUE SERVICE - CIO,
               PO BOX 7346,    PHILADELPHIA, PA 19101-7346
5139483       +E-mail/Text: bnckohlsnotices@becket-lee.com Jan 28 2019 19:36:36     KOHLS/CAPONE,
               COLLECTION DEPARTMENT,    PO BOX 3084,    MILWAUKEE, WI 53201-3084
5139485       +E-mail/Text: bankruptcydpt@mcmcg.com Jan 28 2019 19:37:06     MIDLAND CREDIT MANAGEMENT, INC.,
               2365 NORTHSIDE DR, STE 300,    SAN DIEGO, CA 92108-2709
5154514       +E-mail/Text: bankruptcydpt@mcmcg.com Jan 28 2019 19:37:06     Midland Funding LLC,
               PO Box 2011,    Warren, MI 48090-2011
5139486       +E-mail/PDF: pa_dc_claims@navient.com Jan 28 2019 19:35:53     NAVIENT,    PO BOX 9500,
               WILKES BARRE, PA 18773-9500
5139774       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 28 2019 19:35:53
               PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5139489       +E-mail/PDF: gecsedi@recoverycorp.com Jan 28 2019 19:35:48     SYNCB/LOWES,    PO BOX 965004,
               ORLANDO, FL 32896-5004
                                                                                               TOTAL: 13
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*           +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                 TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 30, 2019                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 28, 2019 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              Dorothy L Mott    on behalf of Debtor 1 Ryan Michael Trone DorieMott@aol.com,
               KaraGendronECF@gmail.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
              James Warmbrodt    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC bkgroup@kmllawgroup.com
              Kara Katherine Gendron    on behalf of Debtor 1 Ryan Michael Trone karagendronecf@gmail.com,
               doriemott@aol.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 5

LOCAL BANKRUPTCY FORM 3015-1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
RYAN MICHAEL TRONE :
   Debtor : CASE NO. 1:18-bk-05174
:
: ☒ ORIGINAL PLAN
:
: ☐ AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.)
:
: ☐ 0 Number of Motions to Avoid Liens
:
: ☐ 0 Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ 0 Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

   A. <u>Plan Payments From Future Income</u>

     1. To date, the Debtor paid $0 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $44,400.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 01/2019 | 12/2023 | $740.00 x 60 months | $ | | $44,400.00 |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | $ | $ | | $ |
| | | | | Total Payments | $44,400.00 |

     2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

     3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

     4. CHECK ONE: ☐ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

     ☒ Debtor is over median income. Debtor calculates that a minimum of $ must be paid to allowed unsecured creditors in order to comply with the Means Test.

   B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>

     1. The Debtor estimates that the liquidation value of this estate is $. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
   ☒ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

**2. SECURED CLAIMS**
   A. <u>Pre-Confirmation Distributions</u>. *Check one.*

   ☒ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| GM FINANCIAL | 2015 Jeep Patriot 2wd base manual black (approx. 3 | |
| PENNYMAC LOAN SERVICES LLC | 817 E Market St, York, PA 17403 | |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☒ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☐ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| GM FINANCIAL | 2015 Jeep Patriot 2wd base manual black (approx. 3 | Per allowed proof of claim $0 estimated | | Per allowed proof of claim |
| PENNYMAC LOAN SERVICES LLC | 817 E Market St, York, PA 17403 | Per allowed proof of claim $0 estimated | | Per allowed proof of claim |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **HUD/FHA** | **817 E Market St, York, PA 17403** | $ | | No Payments on Contingent Claim |
| **TOYOTA FINANCIAL SERVICES-BK Notices** | **2015 Toyota Prius black (approx. 104,000 miles)** | $9,975.00 | Lesser of 5.25% or contract rate | $10,439.00 Payment of allowed secured claim. (Anticipated to be paid within 20 months) |

   E. **Secured claims for which a § 506 valuation is applicable**. *Check one.*

   ☒   None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

F. **Surrender of Collateral**. *Check one.*

☒ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

G. **Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**. *Check one.*

   ☒   None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

 3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

      1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
      2. Attorney's fees. Complete only one of the following options:
         a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the

plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

  3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

  ☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

  **B. Priority Claims (including, certain Domestic Support Obligations**

  Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **NONE** | |

  **C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*
  ☒ If "None" is checked, the rest of § 3.C need not be completed or reproduced.

**4. UNSECURED CLAIMS**
 **A. Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check one of the following two lines.*
 ☐ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

☒ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| **Student loans paid outside plan** | Long term debt paid outside plan. | | % | |
| **All other unsecured claims** | 100% | | % | |

 B. **All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. *Check one of the following two lines.*
 ☒ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

**6. VESTING OF PROPERTY OF THE ESTATE**.
**Property of the estate will vest in the Debtor upon**
*Check the applicable line:*
☐ plan confirmation.

☐ entry of discharge.
☑ closing of case:

**7. DISCHARGE**: (Check one)
☑ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION**:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
Payments from the plan will be made by the Trustee in the following order:
Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Secured claims, pro rata.
Level 5:     Priority claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     General unsecured claims.
Level 8:     Untimely filed unsecured claims to which the debtor has not objected.

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

**9. NONSTANDARD PLAN PROVISIONS**
**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**
  (1) Claim amounts: The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.
  (2) Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.
  (3) Lien Releases.
    (a) Personal Property: Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.
    (b) Real Property: Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.
  (4) Confirmation of this Plan shall not bar the Debtor from:
    (a) filing objections to any claims;
    (b) amending his schedules to add a creditor who was omitted from his schedules and to amend this Plan to provide for the treatment of such creditor or any other creditor who failed to timely file a proof of claim;

    (c) seeking to avoid a lien under Section 522 of the Code or seeking the determination of the extent, validity and/or priority of any liens;
    (d) seeking a determination as to the dischargeability of any debt; or
    (e) selling any asset of his free and clear of liens and encumbrances.

.

          /s/ Dorothy L. Mott, /s/ Kara K. Gendron
          _____
          Dorothy L. Mott, Kara K. Gendron
          Attorneys for Debtor(s)


          /s/ Ryan Michael Trone
          Debtor



By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9