IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:					:	CHAPTER 13
						:
RYAN MICHAEL TRONE		:	CASE NO. 1:18-bk-05174
	Debtor				:
						:
						:
						:

**MOTION TO REOPEN CLOSED CASE**
**AND WAIVE REOPENING FEE**

     COMES NOW, the Debtor, by and through Kara K. Gendron, Esquire, and makes this Motion, respectfully stating in support thereof:
     1. The Debtor filed a voluntary Chapter 13 Petition on December 10, 2018.
     2. The Debtor completed his financial management course and believed that he had made all plan payments; however, the Trustee had not docketed the ECF event that indicated that the Trustee had determined that all plan payments had been made.
     3. In every Chapter 13 case in this District in order to receive a discharge, the Debtor is required to file a certification in accordance with Local Bankruptcy Rule 3015-5.
     4. Also in every Chapter 13 case in this District, after the Trustee has verified that all payments were received by the Trustee, the Trustee dockets a Notice which reads:

> **NOTICE TO DEBTOR: The Trustee has determined that plan payments are completed. All wage attachments must be terminated. A discharge for eligible debtors will not be entered unless debtor complies with Local Bankruptcy Rule 3015-5 prior to the closing of the case. Certifications must be signed and dated after the completion of plan payments. Certifications filed prior to this notice of completion of plan payments must be resubmitted. (There is no image or paper document associated with this entry).**

     5. The above-notice triggers the undersigned to file the Discharge Certification.
     6. In this case, as in every other chapter 13 case in this District, Debtor's counsel was waiting for the Trustee's "NOTICE TO DEBTOR " docket entry before filing the discharge certification, because otherwise, the certification it is not valid.
     7. In other cases, in the past, where Debtor's counsel has on occasion mistakenly docketed the certification before the Trustee dockets his "NOTICE TO DEBTOR, " the Court will not grant a discharge and Debtor's counsel must re-file the certification after that docket entry.
     8. In this case, before the Trustee's "NOTICE TO DEBTOR " was docketed, the Court issued a different Notice which read:

> **Notice to Debtor 1: The Trustee has filed a final report and final account certifying that the estate has been fully administered. If within thirty (30) days no objection has been filed by the United States Trustee or a party in interest, pursuant to F.R.B.P. 5009, there shall be a presumption that the estate has been fully administered and this case will be closed without further notice. Pursuant to L.B.R. 3015-5 a discharge will not be entered for Debtor 1 unless a Certification Regarding Domestic Support Obligations is filed. Only Certifications filed on or after the date the Trustee certifies plan payments were completed are valid, certifications filed before that date must be refiled.**

9. The Court then closed the case without a discharge.

10. The Trustee then docketed the Notice that read:

> **NOTICE TO DEBTOR: The Trustee has determined that plan payments are completed. All wage attachments must be terminated. A discharge for eligible debtors will not be entered unless debtor complies with Local Bankruptcy Rule 3015-5 prior to the closing of the case. Certifications must be signed and dated after the completion of plan payments. Certifications filed prior to this notice of completion of plan payments must be resubmitted.**

11. Debtor's counsel then docketed the discharge certification; however, because the case was closed, no discharge was entered.

12. Debtor's counsel now realizes that this is the exact same unusual procedural error which occurred in a prior case earlier this month, where the Debtor's case (Steven Douglas Shughart Case Number: 1:18-bk-04472-HWV) was closed without a Discharge despite the Trustee not having docketed the event that all payments had been made. In that case, Debtor's counsel paid $235.00 to reopen the case so that the certification could be filed and the debtor received a discharge; however, the undersigned believes that the Shughart case, like this one, was closed prematurely and the reopening fee should have been waived. Likewise, the Debtor believes that the fee to reopen should not be charged in this case and the Debtor should receive his discharge, since he had to wait for the Trustee's Notice which indicates when the Trustee has determines that plan payments are completed but that Notice was not filed until after the case was administratively closed.

WHEREFORE, the Debtor respectfully request this Honorable Court to reopen the above–captioned closed bankruptcy proceeding for the purpose of entering the discharge and waive or reimburse the fee in this case and reimburse the $235.00 re-opeing fee that was paid by the undersigned in Steven Douglas Shughart Case Number: 1:18-bk-04472-HWV.

Respectfully submitted,

/s/ Kara K. Gendron

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Kara K. Gendron, Esquire
Attorney ID #87577
MOTT & GENDRON LAW
125 State Street
Harrisburg, PA 17101
http://www.mottgendronlaw.com
T: (717) 232-6650 | F: (717) 232-0477
karagendron@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER 13 |
|---|---|---|
| RYAN MICHAEL TRONE | : | |
| Debtor | : | CASE NO. 1:18-bk-05174 |
| | : | |
| | : | |

**O R D E R**

UPON consideration of the foregoing Motion to reopen the closed bankruptcy proceeding, good reason appearing therefor, it is

HEREBY ORDERED AND DECREED that the above–captioned proceeding be and hereby is reopened for the purpose of entering the Discharge Order in this case and no re-opening fee is required; likewise the Court will issue a $235.00 refund for the reopening fee which was paid by Debtor's counsel in the Steven Douglas Shughart Case Number: 1:18-bk-04472-HWV as it was closed prior to the Trustee docketing the Notice which read:

> **NOTICE TO DEBTOR: The Trustee has determined that plan payments are completed. All wage attachments must be terminated. A discharge for eligible debtors will not be entered unless debtor complies with Local Bankruptcy Rule 3015-5 prior to the closing of the case. Certifications must be signed and dated after the completion of plan payments. Certifications filed prior to this notice of completion of plan payments must be resubmitted.**